## ELDEGE D. BELHUMER
vs.
## CITY OF BRISTOL, ET AL.

Court of Common Pleas      Hartford County      File #34961

Present:   Hon. ABRAHAM S. BORDON, Judge.

Mink & Beach,                    Attorneys for the Plaintiff.

M. E. Gormley & Adrian W. Maher,
F. V. Tracy,                    Attorneys for the Defendants.

**MEMORANDUM FILED DECEMBER 30, 1935.**      121 Conn. 475

BORDON, J.   This is an action for damages to the plaintiff's automobile brought against the City of Bristol and The Lane Construction Corporation.  Before the commencement of the trial the City of Bristol was dropped as a party defendant leaving The Lane Construction Corporation as the only defendant.

A highway under construction is not a particularly safe place for motor vehicles.  The possibilities of danger are so numerous that the most careful precautions are usually taken by the authority sponsoring the construction, or by the contractor.   To relieve the Highway Commissioner from liability, the legislature enacted **Section 1513, Gen. Stat. 1930,** providing that vehicles using such a highway do so at their own risk.   This immunity does not, however, inure to the benefit

of the contractor. He should, therefore, with the permission of the Highway Commissioner, either close the road to all traffic, or, if he permit it to remain open, use such precautions as are reasonably necessary, under the circumstances, to make it safe for users. He should cause traffic to be directed at points of danger,—he should warn operators of vehicles of the presence of dangers not readily discernible,—he should place guards around protruding objects so that approaching vehicles may keep a safe distance from them.

In the instant case, the defendant, while constructing the road in question, permitted the manhole and cover to protrude about 8 inches above the ground. The south side of it was, however, so graded that it appeared level with the ground to one approaching it from that direction. Just before entering the area under construction, the plaintiff had descended a steep hill, saw the manhole, thought it was level with the ground, and continued into the part under construction, when he suddenly realized that it was above the ground level. He tried to stop but his distance from it, at the moment, was not sufficient to enable him either to stop or turn out, and so he ran over it causing damage to his automobile and, chiefly, to the under part thereof. The road in question was open to traffic, and, at certain times of the day, was rather heavily used.

Under the circumstances the Court is of the opinion that permitting the unguarded manhole to protrude 8 inches above the ground with no warning of its presence to approaching vehicles is an act of negligence for which the contractor is liable. The presence of the usual warning signs, caused to be posted by the State at each end of the construction work, is not a sufficient warning of a particular danger existing in the road itself. These merely warn approaching vehicles of the normal dangers incident to construction work, and admonishes them to use more care than is usually necessary on highways not under construction. They do not relieve the contractor from the further duty of making the roadbed as reasonably safe for travel as the circumstances require.

As to the damages to be allowed to the plaintiff, the Court is of the opinion that the plaintiff's testimony offered on this point is more reliable than that of the defendant. While the defendant's witness Mitkowski undoubtedly knows his busi-

ness and is a capable estimator of damages to automobiles, he does not in the instant case seem to have had proper facilities for inspecting the damage done to this car.

The issues are found and judgment may be entered for the plaintiff to recover the sum of $275.00, plus interest amounting to $10.30, or a total of $285.30, and costs.